UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

WILBERT PIERRE, on his own
behalf and others similarly situated,

        Plaintiff,

v.

PALM BEACH LAUNDRY AND LINEN SERVICE, INC.
a Florida Profit Corporation, and LOUIS MOYA, individually,

        Defendants.
_____/

## COMPLAINT

1.   Plaintiff, WILBERT PIERRE (hereinafter referred to as "Plaintiff"), was an employee of Defendants, PALM BEACH LAUNDRY AND LINEN SERVICE, INC., a Florida Profit Corporation, and LOUIS MOYA, individually (collectively referred to as "Defendants"), and brings this action on behalf of himself and other current and former employees of Defendants similarly situated to him for overtime compensation and unjust enrichment and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

2.   Plaintiff performed non-exempt work as a laborer and related activities in Palm Beach County, Florida.

3.   Plaintiff was employed as a laundryman. Specifically, Plaintiff was a non-exempt employee performing duties such as operating industrial washing and drying machines and related equipment and products to clean and dry laundry and linens for both residential and commercial clients of Defendants.

4.   At all times material hereto, Plaintiff and similarly situated employees were employees of Defendants within the meaning of the FLSA.

5.   Plaintiff and similarly situated employees regularly handled and worked with goods and materials moved in or produced in commerce.

6. Plaintiff was employed by Defendants during the three year period preceding the filing of this lawsuit. Specifically, Plaintiff began his employment with Defendants approximately on April 1, 2013.

7. Plaintiff routinely worked more than forty (40) hours per week for Defendants.

8. During certain pay periods of Plaintiff's employment, Plaintiff would work on average between fifty-five (55) to seventy-two (72) hours weekly.

9. Plaintiff regularly worked between fifteen (15) and thirty-two (32) hours of overtime weekly.

10. Defendants failed to compensate Plaintiff at time and one-half for all overtime hours worked.

11. Defendants failed to properly credit Plaintiff for all hours worked.

12. Defendants failed to accurately record the hours worked by Plaintiff and or provide Plaintiff with a time keeping system for Plaintiff to track his own hours worked.

13. Plaintiff was compensated at $8.00 an hour.

14. Plaintiff was entitled to $12.00 an hour for any overtime hours worked.

15. Plaintiff received straight-time wages for overtime hours worked.

16. Defendants would compensate Plaintiff in both cash and check.

17. Defendants deducted federal and other employment related taxes from Plaintiff's compensation, but failed to report the deductions.

18. Defendants would make improper deductions from Plaintiff's pay.

19. To further avoid the payment of overtime wages to Plaintiff, Defendants improperly advised Plaintiff that Plaintiff was an independent contractor and not entitled to overtime compensation irrespective of the hours actually worked by Plaintiff.

20. PALM BEACH LAUNDRY AND LINEN SERVICE, INC., a Florida Profit Corporation, is a Florida corporation that is in the business of laundry and linen services, retail sale of linen supplies, and linen

rentals to both commercial and personal customers.   PALM BEACH LAUNDRY AND LINEN SERVICE, INC. also delivers laundry and linen products to their commercial and personal customers.

21.   PALM BEACH LAUNDRY AND LINEN SERVICE, INC.'s customers include, but are not limited to various hotels, restaurants, banquet halls, private customers, and caterers.

22.   Defendants provide their services to commercial and personal customers in Palm Beach County, Broward County, and Martin County.

23.   Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint PALM BEACH LAUNDRY AND LINEN SERVICE, INC. was and is an enterprise engaged in interstate commerce or in the production of goods for commerce.

24.   The services provided by Defendants necessitated that Defendants engage in interstate commerce.

25.   Plaintiff was individually engaged in commerce due to the nature of his work.

26.   This action is brought to recover from Defendants overtime compensation, unpaid wages, minimum wage violation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216(b).

27.   At all times material hereto, individual Defendant, LOUIS MOYA, was and/or is an individual resident of the State of Florida who owns, manages, directs, and/or operates PALM BEACH LAUNDRY AND LINEN SERVICE, INC.   and who regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, manage daily or weekly

activities of employees, and control the finances and operations of PALM BEACH LAUNDRY AND LINEN SERVICE, INC. By virtue of such control and authority, LOUIS MOYA is an employer of Plaintiff as such term is defined by the FLSA, 29 U.S.C. §201 et seq.

28. Plaintiff reported directly to LOUIS MOYA. LOUIS MOYA was Plaintiff's manager during the period of employment referenced herein. LOUIS MOYA is also an officer of PALM BEACH LAUNDRY AND LINEN SERVICE, INC.

29. Plaintiff reported all employment related concerns to LOUIS MOYA and other members of management.

30. Plaintiff repeatedly requested for LOUIS MOYA to pay him at time and one-half for his overtime hours worked. Plaintiff also requested that LOUIS MOYA not deduct from his hours worked.

31. The additional persons who may become Plaintiffs in this action are non-exempt employees and/or former employees of Defendants who worked similar positions as Plaintiff and worked in excess of forty (40) hours in a work-week on or after September 2011, but were not properly paid for all hours worked in excess of forty (40) during one or more work weeks or current and/or former employees who were not credited for all hours worked during their employment with Defendants.

32. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provisions were made by the Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) at an overtime rate of one and one-half times their regular rate of pay for all the overtime hours worked, based in part upon Defendants' custom and practice of failing to credit all overtime hours actually worked and failing to calculate and pay overtime wages accurately.

33. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, PALM BEACH LAUNDRY AND LINEN SERVICE, INC., is an enterprise engaged in interstate commerce or in the production of goods for commerce.

34. Based upon information and belief, the annual gross sales volume of PALM BEACH LAUNDRY AND LINEN SERVICE, INC. was in excess of $500,000.00 per annum during the relevant time period.

35. As a result of Defendants' actions identified herein Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

36. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of forty (40) hours in one or more work weeks during their employment with Defendants.

37. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff.

**COUNT I, RECOVERY OF OVERTIME COMPENSATION**

38. Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 37 above.

39. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

40. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

41. Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay reasonable fees and costs, and pursuant to 29 U.S.C. §§216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

42. As a result of Defendants' willful violation of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

43. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff, WILBERT PIERRE, and those similarly situated to him who have or will opt into this action, demand judgment, jointly and severally, against Defendants, PALM BEACH LAUNDRY AND LINEN SERVICE, INC. and LOUIS MOYA, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages in an amount equal to the overtime awarded, prejudgment interest, reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

## COUNT II, UNJUST ENRICHMENT

44. Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 37 and Paragraphs 39 through 42 above.

45. As a direct and proximate result of the sweat of Plaintiff's brow described in the paragraphs immediately above, Defendants profited from Plaintiff's backbreaking labor.

46. During the time Defendants were benefiting from Plaintiff's backbreaking labor, Defendants were compensated by their customers as a result of the work performed by Plaintiff.

47. Defendants violated its agreement to pay Plaintiff.

48. Defendants failed to comply with Title 29 U.S.C. § 201-209 when Defendants deducted from Plaintiff's weekly compensation and failed to pay the overtime hours worked by Plaintiff.

49. Plaintiff is entitled to just compensation for all work performed for the benefit of Defendants.

50. At all times material hereto, Plaintiff, worked for Defendants and declined the opportunity to work with other companies based on the understanding that Plaintiff would receive the compensation described in the proceeding paragraphs above.   As a direct and proximate result thereof, Plaintiff sustained a loss of income, revenue and/or goodwill.

51. Plaintiff repeatedly requested payment from Defendants, but Defendants refused to comply.

52. Plaintiff has conferred a tangible benefit upon Defendants in the form of his time, money, labor, business connections and experience that has directly and proximately resulted in Defendants receiving income from his hard work and expanded time.

53. At all times material to this action, Defendants voluntarily accepted the benefits described in the paragraphs immediately above that Plaintiff conferred to them with the understanding that Plaintiff was doing so with the expectation of being compensated pursuant to Title 29 U.S.C. § 201-209 for conferring said benefits.

54. The circumstances described herein render Defendants' retention of the benefits described above inequitable unless Defendants pays Plaintiff the value of said benefits.

55. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, WILBERT PIERRE, requests that judgment be entered against Defendants, PALM BEACH LAUNDRY AND LINEN SERVICE, INC., a Florida Profit Corporation, and LOUIS MOYA, jointly and severally, for damages in an amount to be determined at trial, including pre and

post judgment interest; incidental and consequential damages, including but not limited to the loss of revenue resulting from Plaintiff exclusively working for Defendants.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 5th day of September 2014

Respectfully submitted,

**s/Maguene D. Cadet**
Maguene D. Cadet, Esq., FBN. 0591361
Email: Maguene@DieudonneLaw.com
Law Office of Dieudonne Cadet, P.A.
2500 Quantum Lakes Drive, Suite 203
Boynton Beach, Florida 33426
Telephone: 561-853-2212
Facsimile: 561-853-2213
Attorney for Plaintiff